**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**


**Andy Vaughn and Renee Vaughn,**

*Plaintiffs,*

**v.**

Roadtex Transportation Corporation, ***et al.,***

*Defendants,*

**v.**

**Echo Global Logistics Company, Inc., *et al,***

*Cross Defendants.*

**Case No. 3:25-cv-196**
**Judge Thomas M. Rose**

---

**ENTRY AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS BY DEFENDANT STEVO LOGISTICS SERVICES, INC. (DOC. 24) AND DENYING MOTION TO AMEND COMPLAINT FILED BY PLAINTIFFS (DOC. 43)**

---

Pending before the Court are Defendant Stevo Logistics Services, Inc.'s Motion for Partial Judgment on the Pleadings (Doc. 24) and Plaintiffs Andy and Renee Vaughns' Motion to Amend Complaint. (Doc. 43.) The Motion for Partial Judgement on the Pleadings (Doc. 24) attacks several, but not all of Plaintiffs' claims against Stevo Logistics. The Vaughns seek to amend their

1

complaint to save their negligent entrustment claim (Doc. 43, PageID 324), an effort that Stevo Logistics asserts is futile. (Doc. 44.)

## I.     Background

Plaintiffs allege that on June 8, 2023, Andy Vaughn was travelling eastbound on US Route 35 when he stopped at a red light at the intersection on Factory Road in Beavercreek, Ohio. (Doc 3, PageID 57 at ¶1.) Behind him, Defendant Deion Tibbs was driving a semi-truck and trailer in the same direction. (*Id.*) Tibbs allegedly failed to maintain a safe distance and allegedly collided, first into another vehicle that was also stopped at the red light, before allegedly striking Vaughn's vehicle, thrusting it into the intersection. (*Id.*) Tibbs' truck then allegedly struck Vaughn's vehicle a second time. (*Id.*)

Plaintiffs' Complaint alleges that Tibbs admitted that his vehicle had prior brake issues that were going to be repaired upon his return to New Jersey. (Doc. 3, PageID 61 at ¶20; PageID 67, ¶ 47.) Plaintiffs allege Tibbs was acting in the course and scope of his employment with Stevo Logistics. (*Id.*, PageID 57 at ¶1.) Indeed, Plaintiffs allege that Stevo Logistics ordered Tibbs to continue his freight shipment and to drive to headquarters in New Jersey, despite being told that the semi-truck and trailer had brake issues. (*Id.*, PageID 62, ¶ 21(a).) Plaintiffs allege Andy Vaughn was seriously injured as a result of the impacts with Tibbs' semi-truck and trailer, while Renee Vaughn asserts a loss of consortium. (*Id.*, PageID 67, at ¶ 49.)

On May 12, 2025, Vaughn sued multiple defendants, including Stevo Logistics, in Greene County, Ohio Common Pleas Court. (Doc. 3.) Plaintiffs levy a variety of charges against Stevo Logistics. (Doc. 3, PageID 59-60, ¶¶ 11-16.)

On June 6, 2025, the case was removed to this Court. (Doc. 1.) On September 3, 2025, Defendant Stevo Logistics moved for partial judgment on the pleadings. (Doc. 24.) On September

24, 2025, Plaintiffs responded and moved for permission to amend their complaint. (Doc. 43.) Stevo Logistics' Reply (Doc. 44) renders the matter ripe for decision.

## II.      Standard

Rule 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pursuant to Rule 12(h)(2), a motion for judgment on the pleadings is analyzed using the same standard of review as a motion to dismiss under Rule 12(b)(6). *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987). The only difference between Rule 12(c) and Rule 12(b)(6) is the timing of the motion to dismiss. A motion to dismiss under Rule 12(b)(6) requires the moving party to request judgment in a pre-answer motion or in an answer. A motion for judgment on the pleadings under Rule 12(c) may be submitted after the defendants filed an answer. *Hunter*, 272 F. Supp. 2d at 693.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232 (1974)). "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. In other words, the complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability but asks for more than a sheer possibility that a defendant has acted unlawfully). Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 558, 556; *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged).

When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state a claim under Federal Rule Civil Procedure 12(b)(6). *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 679 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]…that the pleader is entitled to relief.'"). Although "the court primarily considers the allegations in the complaint, ... matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)

(emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)); *see also Metris-Shamoon v. City of Detroit*, 545 F. Supp. 3d 506, 514 (E.D. Mich. 2021).

## III.     Analysis

Plaintiffs' "First Claim for Relief" charges Stevo Logistics, Tibbs and two other entities with "negligence," being "negligent *per se*," having "negligently inspected, maintained and/or repaired the semi-truck & trailer to be safe," being "vicariously liable for Defendant Tibbs," "hiring of an incompetent driver; by its retention of an incompetent driver; by its failure to supervise its driver; by its failure to properly train its driver; and by failure to inspect, maintain and repair their semi-truck & trailer." (Doc. 3, PageID 59-68, ¶¶ 9-50.)

Failing to plead discrete claims in separate counts is a form of shotgun pleading. *See Lacroix v. W. Dist. of Ky.*, No. 14–15276, 2015 WL 5673018, at *1–2 (11th Cir. Sept. 28, 2015); *Kennedy v. Bell S. Telecomm., Inc. (AT&T)*, 546 Fed. Appx. 817, 818, 820 (11th Cir. 2013) (recognizing a "one-claim-per-count rule" under Rule 10(b)); *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) (noting that shotgun pleadings lump "claims together in one count"). "This method of pleading is harmful to the judicial process." *Lasson v. Brannon & Assocs.*, No. 3:07-cv-0271, 2008 WL 471537, at *4 (S.D. Ohio Feb. 15, 2008) (Rose, J.).

While this is a violation of Federal Rule of Civil Procedure 8 and 10(b), the parties pretend to understand what is alleged. As Stevo Logistics' Motion for Partial Judgment on the Pleadings (Doc. 24) is only aimed at Plaintiffs' claims for negligent entrustment, hiring, retention, supervision, and training, and claims for negligence *per se*, (Doc. 24, PageID 183-84), the Court will do the same. However, as Plaintiffs' proposed Amended Complaint does nothing to ameliorate this situation, this is an additional reason to deny the Motion to Amend. (Doc. 43.)

5

The Motion for Partial Judgment on the Pleadings is only aimed at Plaintiffs' claims for negligent entrustment, hiring, retention, supervision, and training, and claims for negligence *per se* for alleged violation of Motor Vehicle Regulations. (Doc. 24, PageID 183-84.) Plaintiff's Response acknowledges that the Ohio Supreme Court has determined that negligence *per se* claims may not be based upon regulations and administrative codes. (Doc. 43, PageID 326 (citing *Lang v. Holly Hill Motel, Inc.*, 2009- Ohio-2495, ¶ 15 (2009)).) This leaves it for the Court to determine whether Plaintiffs have successfully pleaded a claim for negligent entrustment, hiring, retention, supervision, or training.

Under Ohio Law, a negligent entrustment claim has five elements:

> (1) The existence of an employment relationship, (2) the employee's incompetence, (3) the employer's actual or constructive knowledge of such incompetence, (4) the employee's act or omission causing the plaintiff's injuries, and (5) the employer's negligence in hiring, supervising, or entrusting the employee as the proximate cause of the plaintiff's injuries.

*Moran v. Ruan Logistics*, 1:18-cv-223, 2018 WL 4491376, at *3 (S.D. Ohio Sept. 19, 2018) (citing *Bush v. Am. Honda Motor Co.*, 227 F. Supp. 2d 780, 801 (S.D. Ohio 2002); *Ford v. Brooks*, 2012-Ohio-943, ¶ 22. (Ohio App. 10th 2012)). Moreover, a complaint must contain factual allegations to support a finding that, when the motor carrier entrusted the driver with the vehicle, it knew or should have known that he was an incompetent driver. *Jones v. Praxair, Inc.*, 3:15-cv-277, 2016 WL 3582128, at *2 (S.D. Ohio June 27, 2016). A conclusory allegation that the motor carrier knew or should have known of its driver's incompetence is insufficient to state a claim of negligent entrustment. *Id.* Plaintiffs are "not entitled to conduct post-filing discovery to uncover the facts necessary to support a cause of action." *Id.* at *4 (citing *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011); *Baker*, 2018 WL 2088006, at *4).

The Vaughns seek leave to amend their complaint to allege additional facts to support their claims. The proposed amended complaint would allege that Stevo Logistics "knew and/or should have known Defendant Tibbs was an incompetent driver based on his criminal conduct including but not limited to that they should have run a background check on Defendant Tibbs prior to hiring him or shortly thereafter, which would have provided knowledge of Defendant Tibbs['] criminal history" which included "a felony conviction." (Doc. 43-1, PageID 323, ¶11, 12.) The proposed amended complaint would also allege that Tibbs told "the investigating police officer in a handwritten statement that he had 'had prior issues with my breaks [sic] that we havnt [sic] got resolved yet', and verbally admitted that the 'known brake issues were pending repair when he returned to New Jersey.'" (*Id.* at ¶11.) Thus, Plaintiffs hypothesize, the proposed amended complaint would allege that Tibbs had a propensity towards tortious conduct because of an unspecified criminal conviction and Stevo Logistics' failure to discover it in a background check. (Doc. 43-1, PageID 334).

As Stevo Logistics contends, this amendment is futile for two reasons. First, there is no duty to conduct a background check. *See Herndon v. Torres*, 791 Fed. Appx. 547, 552 (6th Cir. 2019) ("[T]he laws of Ohio [do not] impose a duty to conduct criminal background checks such that Avrora would have had constructive notice of [the driver's] violent propensities.); *Steppe v. Kmart Stores*, 136 Ohio App. 3d 454, 467 (Ohio App. 1999) ("Kmart was under no duty to conduct a criminal background check."). Second, there is no allegation that the unspecified criminal convictions are related to Tibbs's ability to safely operate a vehicle. Even driving-related convictions are not necessarily evidence of incompetence when it comes to negligent entrustment or employment claims. *See Braho v. Liquid Transport Corp.*, 5:16-cv-3007, 2019 WL 2603286, *5 (N.D. Ohio June 25, 2019) (alcohol related reckless driving nine years before the accident did

7

not support a negligent hiring claim for a truck driver); *Lewis v. Peoples Cartage, Inc.*, 1998-ca-00081, 1999 WL 4503, at \*8 (Ohio App. Dec. 28, 1998) ("[O]ne DUI conviction two years old does not render an individual an incompetent driver…"). Here, even the proposed amended complaint identifies neither the date nor the type of conviction. Therefore, there are insufficient facts pleaded to show that Tibbs was an unqualified driver.

Plaintiff's Complaint also contains no factual allegations to assert a plausible cause of action for negligent hiring, retention, training, and supervision. In Ohio, the party seeking to prevail on a claim for the negligent hiring, supervision and retention of an employee by an employer must show:

> (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.

*Douglass v. Salem Cmty. Hosp.*, 2003-Ohio-4006, ¶ 51 (Ohio App. 2003) (quoting *Steppe*, 136 Ohio App. 3d, at 465.

> The mere incantation of the elements of a negligent hiring claim, i.e., the abstract statement that the [employer] knew or should have known about the employee's criminal or tortious propensities, without more, is not enough" to enable a plaintiff to survive a motion to dismiss for failure to state a claim.

*Baker v. Swift Transp. Co. of Arizona, LLC*, 2018 WL 2088006, at \*4 (S.D. Ohio May 4, 2018) (quoting *Byrd v. Faber*, 57 Ohio St. 3d 56, 61 (1991)). "Absent factual allegations to support their claims of negligent hiring, training, supervising, monitoring, dispatching and retention," such claims "are subject to dismissal." *Jones*, 2016 WL 3582128, at \*4.

A plaintiff cannot "rely on the alleged incident itself to establish that the employee's conduct was foreseeable to the employer." *Baker*, 2018 WL 2088006, at \*4 (citing *Jones*, 2016

8

WL 3582128, at *2); *see also Gordon v. Turner*, 13-cv-136, 2016 WL 3636073, at *10 (E.D. Ky. June 29, 2016) (acts or omissions that contemporaneously occur with an accident cannot form the basis of a negligent hiring, training, or supervision claim). "[A] lack of access to evidence does not excuse insufficient allegations"; a plaintiff is "not entitled to conduct post-filing discovery to uncover the facts necessary to support a cause of action." *Baker*, 2018 WL 2088006 at *4 (citing *Jones*, 2016 WL 3582128, at *4; and *New Albany*, 650 F.3d at 1051.))

Plaintiffs in this case have not alleged, nor do they seek to allege, factual assertions relevant to claims for negligent hiring, retention, and supervision. Plaintiffs' pleadings lack any allegations that the driver was unqualified, had been involved in any prior accidents, or received any prior moving violations. They would plead nothing more than conclusory and formulaic allegations, which do not meet the plausibility pleading standard of *Iqbal/Twombly*. For these reasons, dismissal of Plaintiffs' negligent hiring, retention, and supervision claims is warranted.

As for the negligent training claim, negligent training pis a separate cause of action with distinct elements. *Anders v. Carnival Corp.*, 23-cv-21367, 2023 WL 4252426, at *4 (S.D. Fla. June 29, 2023) (citing *Reed v. Royal Caribbean Cruises, Ltd.*, 19-cv-24668, 2021 WL 2592914, at *9 (S.D. Fla. Apr. 23, 2021) (collecting cases)). To state a claim of negligent training, Plaintiff must allege Defendant "was negligent in the implementation or operation of the training program and the negligence cause[d] [his] injury." *Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1310 (S.D. Fla. 2021) (cleaned up). Because negligent training is a discrete claim, it must be pleaded separately. *See Reed*, 2021 WL 2592914, at *9; *see also Goroni v. Carnival Corp.*, 1:24-cv-22995, 2024 WL 5373964, at *12 (S.D. Fla. Dec. 9, 2024).

In order to prove a claim of negligent training in Ohio, a plaintiff must show:

> 1) the existence of an employment relationship; 2) that defendant's employees were incompetent; 3) that defendant had actual or

> constructive knowledge of their incompetence; 4) that the employees' actions or omissions caused plaintiff's injuries; and 5) that defendant's negligence in hiring or retaining such employees was a proximate cause of plaintiff's injuries.

*Burr v. Ohio State Highway Patrol*, No. 2009-04688, 2011 WL 7463332 (Ohio Ct. Cl. Dec. 05, 2011) (citing *Evans v. Ohio State Univ.*, 112 Ohio App. 3d 724, 739, 680 N.E.2d 161, 175 (Ohio App. 1996).)

The complaint alleges Stevo Logistics failed to train and supervise Tibbs that he should immediately stop and repair brakes on the vehicle he was operating when he knew the brakes were not functioning properly. (Doc. 3, PageID 61, ¶20, 65, ¶ 47.) Moreover, the complaint alleges "Defendant Stevo directed and ordered Defendant Tibbs to continue his freight shipment and/or delivery and/or drive to headquarters in New Jersey, despite being told and put on notice that the semi-truck and trailer had brake issues." (*Id*., PageID 62, ¶21(a).) The complaint alleges that Vaughn was injured as a result of this negligent training. (*Id*., PageID 67 at ¶49.) Thus, Plaintiffs have alleged a failure to train claim against Stevo Logistics. Stevo Logistics' Motion for Partial Judgement on the Pleadings will be denied with regard to this claim.

Regarding Plaintiffs' Motion to Amend Complaint (Doc. 43), this Motion is governed by Federal Rule of Civil Procedure 15(a) which states:

> A party may amend the party's pleadings ... only by leave of court or by written consent of the adverse party; and *leave of court shall be freely given when justice so requires.*

Fed. R. Civ. P. 15(a) (emphasis added). In evaluating when the interests of justice require leave to amend a pleading, courts consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste,* 39 F.3d 125, 130 (6th Cir.

10

1994)). A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Thiokol Corp. v. Dept. of Treasury, State of Michigan, Revenue Div.,* 987 F.2d 376, 382-83 (6th Cir. 1993); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). This opinion has already outlined how the proposed amended complaint would fare no better than the original complaint.

Plaintiffs also seek to add allegations of violations of regulations, including Federal Motor Carrier regulations, as evidence of negligence. (Doc. 43.) The Court will defer ruling on Plaintiffs' request to find that violations of regulations are admissible as evidence of negligence until the question is squarely presented, either in a motion for summary judgment or a motion *in limine*.

## IV.     Conclusion

Because Plaintiffs have failed to allege facts that would support negligent entrustment, hiring, retention, supervision or negligence *per se*, Defendant Stevo Logistics Services, Inc.'s Motion for Partial Judgment on the Pleadings (Doc. 24) is **GRANTED** with regard to those claims. Because Plaintiffs have alleged facts that would support a negligent training claim, Defendant Stevo Logistics Services, Inc.'s Motion for Partial Judgment on the Pleadings (Doc. 24) is **DENIED** with respect to that claim. Because Plaintiffs' Proposed Amended Complaint would be futile, Plaintiffs Andy and Renee Vaughns' Motion to Amend Complaint (Doc. 43) is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, February 17, 2026.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

11